IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH CARROL PHILLIPS,<br>    *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 4:20-cv-00486 |
| KINDRED HEATLHCARE, INC., and<br>VENTAS REALTY, LP,<br>    *Defendants*. | § § § § | Jury Trial Requested |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Deborah Carrol Phillips ("*Phillips*" or "*Plaintiff*") files this Original Complaint against Defendant Kindred Healthcare, Inc. ("*Kindred*") and Ventas Realty, LP ("*Ventas*," and together with Kindred "*Defendants*") and in support shows the following:

### PARTIES

1. Plaintiff is an individual residing in Harris County, Texas. Plaintiff may be served through the undersigned counsel.

2. Kindred is a Delaware Corporation, with a principal place of business in Kentucky and conducting substantial business in Texas, and can be served with process through its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900 Dallas, Texas 75201. Plaintiff requests issuance of summons to Kindred.

3. Ventas is a Delaware Corporation, with a principal place of business in Kentucky and conducting substantial business in Texas, and can be served with process through its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900 Dallas, Texas 75201. Plaintiff requests issuance of summons to Ventas.

**JURISDICTION & VENUE**

4. This Court has diversity jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of the State of Texas and Defendants are citizens of the States of Delaware and Kentucky. Therefore, there is complete diversity of citizenship. Plaintiff's damages are in excess of $75,000, excluding interest and costs. Therefore, the amount-in-controversy requirement is met.

5. This Court has personal jurisdiction over Defendants because they do substantial business within the State of Texas, including owning, leasing, and operating the real property in Texas on which Plaintiff was injured because of the presence of a premises defect. Defendants have purposefully availed itself of the privilege of conducting activities in the State of Texas, thereby invoking the benefits and protections of its laws. Defendants have minimum contacts with the State of Texas such that imposing a judgment would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district.

**FACTS**

7. On or about November 19, 2018, Phillips was employed by Kindred Healthcare Operating LLC d/b/a Kindred Hospital – Texas Medical Center (who is not a party to this case) as a respiratory therapist. On that date, Phillips was returning to work located at Kindred Hospital, located at 6441 Main Street, Houston, TX 77030.

8. While walking up a pedestrian ramp located in the basement parking garage, Plaintiff attempted to use a handrail for support, when the handrail gave way, thereby causing Plaintiff to fall to the ground and suffer severe injuries.

9. Upon information and belief, the basement parking garage is used by employees, contractors, visitors, and patients of Kindred Hospital.

10. Upon information and belief, at the time of the incident, the subject handrail was not properly secured. The loose condition of the handrail caused it to become unstable and rock drastically back and forth when used.

11. Upon information and belief, Ventas was the owner of the subject property where Plaintiff was injured at the time of the incident. Upon information and belief, Ventas retained or exercised control over the subject handrail.

12. Upon information and belief, Kindred was a tenant of the subject property where Plaintiff was injured at the time of the incident. Upon information and belief, Kindred retained or exercised control over the subject handrail.

13. Upon information and belief, Defendants actually knew of the condition of the railing and allowed the condition to persist for many months, even after the incident at issue.

14. Defendants should have known of the condition of the railing as they were responsible for inspection, maintenance, and repair of the property.

15. Phillips did not have any knowledge of the loose and defective nature of the railing.

16. Phillips' fall caused serious physical pain and forced her to incur significant medical expenses for severe injuries to her back, left arm, and shoulder.

17. Phillips' injuries have required significant medical treatment, including open reduction internal fixation surgery. She now suffers from permanent pain, discomfort, and loss of range of motion.

## CAUSES OF ACTION

### First Cause of Action – Negligence

18. Plaintiff incorporates by reference the above paragraphs here.

19. Defendants breached its duty of ordinary care and is liable to Phillips for negligence by the following acts and omissions:

   a. failing to warn Plaintiff of an unreasonably dangerous condition of which Defendants knew or should have known;

   b. failing to make the condition reasonably safe;

   c. failing to inspect, repair, and maintain premises in a reasonable manner;

   d. failing to comply with the terms of lease agreement concerning inspection, repair, and maintenance of the premises; and

   e. failing to comply with industry standards with respect to the inspection, repair, and maintenance of the premises.

20. Defendants' agents or employees knew or should have known about the dangerous condition, while in the course and scope of their employment. Therefore, Defendants are vicariously liability for the negligence of their agents and employees.

21. Defendants' breaches were the direct and proximate cause of Phillips' injuries.

22. Each of the above acts or omissions constitutes negligence.

### Second Cause of Action – Gross Negligence

23. Plaintiff incorporates by reference the above paragraphs here.

24. Defendants' conduct as described above constituted gross negligence in that Defendants' act or omission, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

25. Moreover, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Phillips.

26. Therefore, Phillips is entitled to, and seeks, exemplary damages in this action under Sections 41.001 *et seq.* of the Texas Civil Practices and Remedies Code.

## DAMAGES

27. Phillips' damages include injuries to her back, left arm, and left shoulder, among other parts of her body, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems. Phillips has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendants' negligence.

28. Therefore, Phillips brings suit for the following damages:

   a. Past and future medical expenses;
   b. Past and future physical pain and suffering;
   c. Past and future mental anguish;
   d. Past and future physical impairment; and
   e. Past and future physical disfigurement; and
   f. Past and future lost wages;
   g. Past and future earning capacity;
   h. Exemplary damages;
   i. Costs of suit;
   j. Any and all other damages to which she may be justly entitled.

## JURY DEMAND

29. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all claims.

## PRAYER

Plaintiff prays that summons be issued to Defendants and that, after a trial on the merits of this case, judgment be entered against Defendant for damages in an amount to be determined at trial, pre-judgment and post-judgment interest at the maximum legal rate, court costs, and all additional relief the Court deems appropriate

    Respectfully submitted,

    **ARMSTRONG & LEE LLP**

    By:    */s/ Joshua D. Lee*
           Joshua D. Lee
           S.D. Tex. Bar No. 2696823
           State Bar No. 24100139
    2900 North Loop West, Ste. 830
    Houston, Texas 77092
    Telephone:   (832) 709-1124
    Facsimile:    (832) 709-1125
    jlee@armstronglee.com
    service@armstronglee.com

    **ATTORNEY IN CHARGE FOR PLAINTIFF**

**OF COUNSEL:**

**ARMSTRONG & LEE LLP**
Scott P. Armstrong
S.D. Tex. Bar No. 2591285
State Bar No. 24092050
Houston, Texas 77092
Telephone:   (832) 709-1124
Facsimile:    (832) 709-1125
sarmstrong@armstronglee.com